## Ex parte COLAO.

District Court, S. D. New York.
Aug. 30, 1934.

Monfried & Warner, of New York City, for relator.

Francis A. McGurk, of New York City, for judgment creditor.

HULBERT, District Judge.

Nicola Colao filed a petition and was adjudicated a bankrupt on March 26, 1934.

Joan MacLean, a creditor upon a judgment recovered in the City Court of the City of New York, New York County, on the 23d day of February, 1934, was, by order of this court dated May 24, 1934, restrained and enjoined from the enforcement and collection of said judgment until "twelve months after adjudication in this Court of the aforesaid bankrupt, or, if within that time the bankrupt applies for a discharge, then the aforesaid restraint and injunction shall continue until the question of the discharge of said bankrupt is determined."

On August 8, 1934, an application for the discharge of the said bankrupt came on before this court and the judgment creditor interposed an objection and specifications contending that said judgment was not a dischargeable debt because there was willful and malicious injury to property.

On August 15, 1934, Judge Patterson, in an opinion (D. C.) 10 F. Supp. 406, said: "It is not a ground for opposing the bankrupt's discharge that he may owe a nondischargeable debt. Such a debt will not be affected by his discharge, but it does not defeat his right to be discharged. The specifications will therefore be dismissed as insufficient on their face *and an order discharging the bankrupt will be entered.* The question whether the creditor's claim is barred by discharge in bankruptcy is a matter to be determined by the state court in later proceedings." (Italics mine.)

The attorney for the bankrupt served a proposed order, and notice of settlement, upon said decision; but the order has not been signed.

In the meantime, however, counsel for the judgment creditor, construing the opinion of Judge Patterson as a "determination," issued a body execution upon said judgment and the sheriff of New York county seized and incarcerated the bankrupt, whose body is now produced in obedience to a writ of habeas corpus.

The word "determine," in its legal use, means: "To come to an end. To bring to an end." 2 Black. Com. 121. The opinion of the court is but a step toward the end of the proceeding.

This proceeding will not have been determined under said order dated May 24, 1934, until an order has been signed and filed in accordance with the opinion of Judge Patterson, as so stated by him.

The writ is sustained, and the bankrupt is discharged from the custody of the sheriff of New York county.